UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMAD DAROUIAN,<br>　　　　Plaintiff<br><br>v.<br><br>H.P. HOOD, INC., TOM MEDLOCK,<br>NED KERSHNER, NANCY CARROLL,<br>AND MARGARET POOLE,<br>　　　　Defendants. | CIVIL NO. 302CV927(RNC)<br><br><br><br><br>July _1_, 2004 |

### AFFIDAVIT OF MARGARET POOLE

MARGARET POOLE, being duly sworn and according to law, deposes and says:

1. I am over the age of 18 and believe in the obligation of an oath. This Affidavit is submitted in support of H.P. Hood, Inc.'s ("H.P. Hood"), Tom Medlock's, Nancy Carroll's, Ned Kershner's, and my Memorandum of Law in Support of our Motion for Summary Judgment ("Memorandum") in the above-captioned matter.

2. I was born in the United States on May 2, 1957 and am 47 years of age.

3. I began working for H.P. Hood in about November 1998. I am the Vice President of Research and Development.

4. On October 2, 2000, I met with Plaintiff and Ned Kershner to investigate Plaintiff's claim that Nancy Carroll had changed the numbers of a butterfat test result in September 2000.

5.  During my investigation of Plaintiff's allegations, Plaintiff told me that he was keeping documentation of testing procedures, formulas and results, and had saved a sample of the product.

6.  H.P. Hood's testing procedures, formulas, testing results, and samples of product are confidential information and proprietary trade secrets of H.P. Hood and Company policy prohibits employees from taking such information out of the plant.

7.  After I explained to Plaintiff that H.P. Hood's testing procedures, formulas, testing results, and samples of product are confidential information and proprietary trade secrets of H.P. Hood and cannot be taken out of the plant, I asked Plaintiff to return any testing procedures, formulas, testing results, and samples of product in his possession.

8.  At no time did I accuse Plaintiff of stealing anything because I realized that he might not have known that he could not take any testing procedures, formulas, testing results, and samples of product out of H.P. Hood's plant, but he immediately began saying that I was accusing him of stealing.

9.  Although I explained that I was not accusing him of stealing and denied his accusations, he continued to allege that I was accusing him of stealing the formula.

10. On or about October 13, 2000, I met with Plaintiff and Mr. Kershner to discuss the results of my investigation into Plaintiff's claim that Ms. Carroll falsified the butterfat test results in September 2000.

11. My investigation did not substantiate Plaintiff's allegation that Ms. Carroll falsified the butterfat test results.

12. At this time, I discussed with Plaintiff my concerns that he was not properly performing routine laboratory procedures, resulting in low quality work and inconsistent test results, despite the repeated training that was provided to him.

13. On December 20, 2000, I met with Plaintiff and Mr. Kershner to tell Plaintiff my decision to terminate his employment because of his poor job performance.

14. In the course of conducting H.P. Hood's business, I communicated with H.P. Hood management regarding the review of Plaintiff's job performance and personnel decisions relating to Plaintiff.

15. I have never made any statement, either orally or in writing, to any actual or potential employer of Plaintiff about his job performance or discharge.

16. I did not discriminate against Plaintiff on the basis of any protected class, including national origin and age.

17. I did not retaliate against Plaintiff after he alleged that Ms. Carroll falsified butterfat test results in September 2000.

18. I did not discourage or prevent Plaintiff from filing a complaint in any forum.

19. I did not retaliate against Plaintiff after he filed a complaint with the Connecticut Commission on Human Rights on March 24, 2000.

20. I did not retaliate against Plaintiff for any participation in union organizing.

I have read the foregoing and it is true to the best of my knowledge and belief.

_____
MARGARET POOLE, Ph.D.

Sworn to before me
this __1__ day of __July__, 2004

_____
Notary Public  Camille M. DiCocco
My Commission Expires:  9/3/10

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 15th day of July, 2004, to the following counsel of record:

>Paul M. Ngobeni
>914 Main Street
>Suite 206
>East Hartford, CT  06108

_____
Tasos C. Paindiris

59467