UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMAD DAROUIAN,<br>　　　　Plaintiff<br><br>v.<br><br>H.P. HOOD, INC., TOM MEDLOCK,<br>NED KERSHNER, NANCY CARROLL,<br>AND MARGARET POOLE,<br>　　　　Defendants. | CIVIL NO. 302CV927(RNC)<br><br><br><br><br><br>July 7, 2004 |

### AFFIDAVIT OF NED KERSHNER

NED KERSHNER, being duly sworn and according to law, deposes and says:

1. I am over the age of 18 and believe in the obligation of an oath. This Affidavit is submitted in support of H.P. Hood, Inc.'s ("H.P. Hood"), Dr. Margaret Poole's, Tom Medlock's, Nancy Carroll's, and my Memorandum of Law in Support of our Motion for Summary Judgment ("Memorandum") in the above-captioned matter.

2. I was born in the United States on October 29, 1942 and am 61 years of age.

3. I began working for H.P. Hood in about June 30, 1965 and retired on June 4, 2004. I was the Director of Human Resources at the time of my retirement.

4. In 1996, Plaintiff complained to me that that Tom Medlock wrongfully demoted him. I investigated Plaintiff's claim and determined that there was no basis for his claim.

5. On October 2, 2000, I met with Plaintiff and Dr. Margaret Poole to investigate Plaintiff's claim that Nancy Carroll had changed the numbers of a butterfat test result in September 2000.

6. During Dr. Poole's investigation of Plaintiff's allegations, Plaintiff told Dr. Poole that he was keeping documentation of testing procedures, formulas and results, and had saved a sample of the product.

7. H.P. Hood's testing procedures, formulas, testing results, and samples of product are confidential information and proprietary trade secrets of H.P. Hood and Company policy prohibits employees from taking such information out of the plant.

8. After Dr. Poole explained to Plaintiff that H.P. Hood's testing procedures, formulas, testing results, and samples of product are confidential information and proprietary trade secrets of H.P. Hood and cannot be taken out of the plant, she asked Plaintiff to return any testing procedures, formulas, testing results, and samples of product in his possession.

9. At no time did Dr. Poole accuse Plaintiff of stealing anything, but Plaintiff immediately began saying that Dr. Poole was accusing him of stealing.

10. Although Dr. Poole explained that she was not accusing him of stealing, and denied his accusations, Plaintiff continued to allege that she was saying that he stole the formula.

11. On or about October 13, 2000, I met with Plaintiff and Dr. Poole to discuss the results of Dr. Poole's investigation which found no basis for Plaintiff's claim that Ms. Carroll falsified the butterfat test results in September 2000.

12. During this meeting, Dr. Poole discussed with Plaintiff her concerns that he was not properly performing routine laboratory procedures, resulting in low quality work and inconsistent test results, despite the repeated training that was provided to him.

13. On December 20, 2000, I met with Plaintiff and Dr. Poole, at which time Dr. Poole told Plaintiff that his employment was terminated due to his poor job performance.

14. In the course of conducting H.P. Hood's business, I communicated with H.P. Hood management regarding the review of Plaintiff's job performance and personnel decisions relating to Plaintiff.

15. I have never made any statement, either orally or in writing, to any actual or potential employer of Plaintiff about his job performance or discharge.

16. I did not discriminate against Plaintiff on the basis of any protected class, including national origin and age.

17. I did not retaliate against Plaintiff after he alleged that Ms. Carroll falsified butterfat test results in September 2000.

18. I did not discourage Plaintiff from filing a complaint in any forum.

19. I did not retaliate against Plaintiff after he filed a complaint with the Connecticut Commission on Human Rights on March 24, 2000.

20. I did not retaliate against Plaintiff for any participation in union organizing.

I have read the foregoing and it is true to the best of my knowledge and belief.

_____
NED KERSHNER

Sworn to before me
this  7  day of  July , 2004


_____
Notary Public
My Commission Expires:  9/3/10

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 15th day of July, 2004, to the following counsel of record:

Paul M. Ngobeni
914 Main Street
Suite 206
East Hartford, CT  06108

_____
Tasos C. Paindiris

59467