UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMAD DAROUIAN,<br>    Plaintiff | CIVIL NO. 302CV927(RNC) |
| v. | |
| HP HOOD, INC.,[1] TOM MEDLOCK,<br>NED KERSHNER, NANCY CARROLL,<br>AND MARGARET POOLE,<br>    Defendants. | July 13, 2004 |

## AFFIDAVIT OF TOM MEDLOCK

TOM MEDLOCK, being duly sworn and according to law, deposes and says:

1. I am over the age of 18 and believe in the obligation of an oath. This Affidavit is submitted in support of HP Hood LLC's ("HP Hood"), Dr. Margaret Poole's, Ned Kershner's, Nancy Carroll's, and my Memorandum of Law in Support of our Motion for Summary Judgment ("Memorandum") in the above-captioned matter.

2. I was born in the United States on December 23, 1947 and am 56 years of age.

3. I began working for HP Hood on August 10, 1992. I was a Quality Control Supervisor on the first shift until I resigned in November 1998.

---

[1] Plaintiff's former employer and the proper Defendant is HP Hood LLC, which was formerly known as HP Hood Inc. On April 5, 2004, the company changed its name to HP Hood LLC. There no longer is a legal entity with the name "HP Hood Inc."

4.  I had supervisory responsibility over the laboratory employees on the first shift, including Samad Darouian ("Plaintiff"), when I worked as the Quality Control Supervisor from approximately August 1992 to November 1998.

5.  I was rehired as the laboratory manager at HP Hood on June 21, 1999 and my title is Quality Control Manager.

6.  I have supervisory responsibility over the laboratory employees on the first shift, as the laboratory manager at HP Hood beginning in June 1999, reporting to Dr. Margaret Poole. In this capacity, I also supervised Plaintiff from June 1999 until his discharge in December 2000.

7.  Plaintiff asked for additional training after he disagreed with his October 1999 performance evaluation. I completed the evaluation after consulting with Rich Brown and Nancy Carroll to evaluate his performance in October 1999 because they had worked and trained with Plaintiff during my absence from 1998 until approximately July 1999.

8.  I agreed to provide the additional training to Plaintiff and asked whom he would like to train him.

9.  When Plaintiff chose Mr. Brown to train him, I granted his request.

10. On May 1, 2000, Ms. Carroll told me that Plaintiff had reported a positive test result to her showing that the mix was not pasteurized.

11. As a result of this test result Ms. Carroll shut down the entire production line for approximately 20 minutes.

12. Due to the 20 minute shut down, approximately 100 employees stopped working and production was decreased by about 1,200 containers of product.

13. The company determined that Plaintiff applied the wrong test to the mix and as a result received the wrong test result.

14. On September 14, 2000, Ms. Carroll told me that Plaintiff had reported a butterfat test showing an improper amount of butterfat, but when she repeated the same butterfat test, her result showed that the butterfat was within acceptable margins. I authorized the release of the product because the butterfat amount was within acceptable margins for release.

15. In the course of conducting HP Hood's business, I communicated with HP Hood management regarding their review of Plaintiff's job performance.

16. I have never made any statement, either orally or in writing, to any actual or potential employer of Plaintiff about his job performance or discharge.

17. I did not discriminate against Plaintiff on the basis of any protected class, including national origin and age.

18. I did not retaliate against Plaintiff after he alleged that Ms. Carroll falsified butterfat test results in September 2000.

19. I did not discourage Plaintiff from filing a complaint in any forum.

20. I did not retaliate against Plaintiff after he filed a complaint with the Connecticut Commission on Human Rights on March 24, 2000.

21. I did not retaliate against Plaintiff for any participation in union organizing.

I have read the foregoing and it is true to the best of my knowledge and belief.

_____
TOM MEDLOCK

Sworn to before me
this /3th day of July, 2004

_____
Notary Public

W. FRANKLIN WOOD
NOTARY PUBLIC
MY COMMISSION EXP. OCT. 31, 2009

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 15th day of July, 2004, to the following counsel of record:

Paul M. Ngobeni
914 Main Street
Suite 206
East Hartford, CT 06108

_____
Tasos C. Paindiris

59467