UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAMAD DAROUIAN,<br>Plaintiff | : | CIVIL NO. 302CV927(RNC) |
| v. | : | |
| HP HOOD, INC.,[1] TOM MEDLOCK,<br>NED KERSHNER, NANCY CARROLL,<br>AND MARGARET POOLE,<br>Defendants | : | July 13, 2004 |

## AFFIDAVIT OF NANCY CARROLL

NANCY CARROLL, being duly sworn and according to law, deposes and says:

1. I am over the age of 18 and believe in the obligation of an oath. This Affidavit is submitted in support of HP Hood LLC's ("HP Hood"), Dr. Margaret Poole's, Tom Medlock's, Ned Kershner's, and my Memorandum of Law in Support of our Motion for Summary Judgment ("Memorandum") in the above-captioned matter.

2. I was born in the United States on January 21, 1962 and am 42 years of age.

3. I began working for HP Hood February 9, 1981. Until June 1996, I worked as a Quality Assurance Technician – a position similar to a laboratory technician in that it involves checking products to ensure they meet specifications.

---

[1] Plaintiff's former employer and the proper Defendant is HP Hood LLC, which was formerly known as HP Hood Inc. On April 5, 2004, the company changed its name to HP Hood LLC. There no longer is a legal entity with the name "HP Hood Inc."

4. I was promoted to senior laboratory technician in 1996 and to lead laboratory technician in 1998.

5. On May 1, 2000, Plaintiff reported to me a positive test result showing that the mix was not pasteurized.

6. As a result of Plaintiff's positive test result, I shut down production and consulted with Mr. Medlock.

7. Production was shut down for approximately 20 minutes. As a result, approximately 100 employees stopped working and production decreased by about 1,200 containers of product.

8. When I reviewed Plaintiff's test result, I discovered that Plaintiff applied the wrong test to the product and accordingly, received the wrong test result.

9. When I applied the correct test, I determined that the product was properly pasteurized.

10. On September 14, 2000, Plaintiff told me that his butterfat test result showed that the product had an improper amount of butterfat.

11. When I repeated the test, I received a different result from Plaintiff's test result which showed that the product's amount of butterfat was within acceptable margins.

12. In the course of conducting HP Hood's business, I communicated with HP Hood management regarding their review of Plaintiff's job performance.

13. I have never made any statement, either orally or in writing, to any actual or potential employer of Plaintiff about his job performance or discharge.

14. I did not discriminate against Plaintiff on the basis of any protected class, including national origin and age.

15  I did not retaliate against Plaintiff after he alleged that I falsified butterfat test results in September 2000

16. I did not discourage Plaintiff from filing a complaint in any forum.

17. I did not retaliate against Plaintiff after he filed a complaint with the Connecticut Commission on Human Rights on March 24, 2000.

18. I did not retaliate against Plaintiff for any participation in union organizing.

I have read the foregoing and it is true to the best of my knowledge and belief.

_____
NANCY CARROLL

Sworn to before me
this /3th day of July, 2004

_____
Notary Public/Commissioner of the Superior Court
My Commission Expires: 10/31/08

W. FRANKLIN WOOD
NOTARY PUBLIC
MY COMMISSION EXP. OCT. 31, 2008

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 15th day of July, 2004, to the following counsel of record:

Paul M. Ngobeni
914 Main Street
Suite 206
East Hartford, CT  06108

_____
Tasos C. Paindiris

59467