UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMAD DAROUIAN,<br>Plaintiff | CIVIL NO. 302CV927(RNC) |
| v. | |
| HP HOOD, INC.,[1] TOM MEDLOCK,<br>NED KERSHNER, NANCY CARROLL,<br>AND MARGARET POOLE,<br>Defendants. | September 10, 2004 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF
TIME UNTIL SEPTEMBER 22, 2004 TO RESPOND TO
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Connecticut, the Defendants, HP Hood LLC ("HP Hood"), Tom Medlock, Ned Kershner, Nancy Carroll, and Margaret Poole, hereby object to Plaintiff's Motion for Extension of Time until September 22, 2004 to respond to Defendants' Motion for Summary Judgment. In support of this objection, Defendants state as follows:

    1.    On July 15, 2004, Defendants filed and served Plaintiff with Defendants' Motion for Summary Judgment; Memorandum in Support of; Local Rule 56(a)(1) Statement; Affidavits of Tasos C. Paindiris, Esq., Dr. Margaret Poole, Ned Kershner, Tom Medlock, and Nancy Carroll.

---

[1] Plaintiff's former employer and the proper Defendant is HP Hood LLC, which was formerly known as HP Hood Inc. On April 5, 2004, the company changed its name to HP Hood LLC. There no longer is a legal entity with the name "HP Hood Inc."

2.  Under D. Conn. L. Civ. R. 56 and Fed. R. Civ. P. 6(e), Plaintiff's opposition papers were due on August 8, 2004, 21 days from the filing of Defendants' motion plus 3 days.

3.  On August 9, 2004, Plaintiff filed a Motion for Extension of Time until September 9, 2004 to Respond to Defendants' Motion for Summary Judgment. This Court granted Plaintiff's request, but stated "[c]ounsel are reminded that motions for extension of time must be filed 5 days prior to the deadline in question." Darouian v. H.P. Hood, Inc., 3:02CV927 (RNC) (D. Conn. Aug. 11, 2004) (order granting motion for extension of time).

4.  On September 7, 2004, Plaintiff filed a Motion for Extension of Time until September 22, 2004 to Respond to Defendants' Motion for Summary Judgment. Defendants object to the granting of this extension of time for the foregoing reasons:

    a.  Pursuant to D. Conn. L. Civ. R. 16(g)(2), the Clerk shall not accept for filing any papers, including the operative motion, from Attorney Ngobeni against whom sanctions were imposed on until the sanctions are paid. See also Reynolds v. Blumenthal, et al., 3:04CV218 (PCD) (D. Conn. May 2004) (order foreclosing attorney from filing any pleadings in court until payment of sanctions made) (Exhibit 1). This Court awarded Defendants $1,290.00 on April 13, 2003 for reasonable attorney fees incurred as a result of Defendants having to file a Motion to Compel, and $1,913.00 on May 20, 2003 as reasonable attorney fees incurred as a result of preparing a Motion to Dismiss, Supplemental Memorandum, and for Defendants' appearance in Court on April 2, 2003 for oral argument. On July 2, 2003, U.S.M.J. Donna F. Martinez granted Defendants' Motion for Order Compelling Payment of Expenses. Darouian v. H.P. Hood, Inc., 3:02CV927 (RNC) (D. Conn. July 2003) (order granting motion for order compelling payment of expenses). On July 16, 2003, U.S.M.J. Martinez granted Defendants'

2

Application for Fees Pursuant to the Court's Recommended Ruling on Motion to Dismiss in the amount of $805.00. Darouian v. H.P. Hood, Inc., 3:02CV927 (RNC) (D. Conn. July 2003) (order granting application for reasonable expenses incurred in preparing for and attending a show cause hearing on May 7, 2003). To date, Plaintiff's counsel has not paid said sanctions totaling $4,008.00. Until Attorney Ngobeni pays the sanctions, he is foreclosed from filing pleadings in this Court.

      b. Plaintiff's motion violates the Court's order, as Plaintiff did not file his motion until 2 days prior to the deadline;

      c. Plaintiff cannot show that he acted in good faith to obtain Defendants' position on the motion as required by the Local Rules of this Court. Plaintiff's counsel represents that he contacted Attorney Paindiris on September 6, 2004 to discuss Plaintiff's request. That is not correct. Rather, Attorney Ngobeni left Attorney Paindiris a voicemail at 2:27 p.m. the next day, September 7, 2004. Although Attorney Paindiris telephoned Attorney Ngobeni at about 4:00 p.m. on that same day, Attorney Ngobeni had already filed Plaintiff's motion at 3:01 p.m.

WHEREFORE, Defendants respectfully request that Plaintiff's Motion for Extension of Time until September 22, 2004 to respond to Defendants' Motion for Summary Judgment be denied.

DEFENDANTS,
HP HOOD LLC, TOM MEDLOCK,
NED KERSHNER, NANCY CARROLL
AND MARGARET POOLE

By: _____
Tasos C. Paindiris (ct 16739)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT  06105
Tel: (860) 522-0404
Fax: (860) 247-1330
paindirt@jacksonlewis.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 10th day of September, 2004, to the following counsel of record:

>Paul M. Ngobeni
>914 Main Street
>Suite 206
>East Hartford, CT  06108

_____
Tasos C. Paindiris

59467



## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Clarence O. REYNOLDS,<br>Plaintiff | :<br>:<br>: |
| -vs- | : Civ. No. 3:04cv218 (PCD)<br>: |
| Richard S. BLUMENTHAL, et al.,<br>Defendants | :<br>: |

### **RULING ON DEFENDANTS' MOTION TO STRIKE COMPLAINT and ORDER**

Pursuant to Local Rule 16(g)(2), Defendants Allan B. Taylor and Defendants Connecticut Light & Power Company, Northeast Nuclear Energy Co, and Northeast Utilities Service Company move to strike the complaint from the docket [see Doc. Nos. 6, 8, and 17] because attorney Nancy Burton, who signed the complaint, is the subject of contempt orders in the United States District Court. On April 6, 2004, this Court issued an Order to Show Cause as to why the complaint should not be stricken [Doc. No. 20]. Familiarity with the Order is presumed.

The docket reflects that Plaintiff Clarence Reynolds has filed a pro se appearance [Doc. No. 7], thereby precluding dismissal on the grounds stated by Defendant.

In the absence of payment of the sanctions ordered by Judge Nevas, pursuant to Local Rule 16(g)(2) Attorney Burton is foreclosed from filing any pleadings in this Court. D. CONN. L. CIV. R. 16(g)(2) ("[t]he Clerk shall not accept for filing any paper from an attorney or pro se litigant against whom a final order of monetary sanctions has been imposed until the sanctions have been paid in full"). Consequently, the appearance of Attorney Burton is hereby ORDERED stricken. Burton is hereby ORDERED to not function, in any capacity, as an attorney with respect to this case.

Plaintiff Reynolds is ORDERED to proceed in accordance with Local Rule 26(f), the Supplemental Order [Doc. No. 21], and the Order on Pretrial Deadlines [Doc. No. 2]. The

docket reflects that the deadline for discovery is August 10, 2004, and the deadline for dispositive motions is September 9, 2004 [Doc. No. 2].

In light of this Ruling and Order, Burton is ORDERED to supply Plaintiff Reynolds with copies of all pleadings filed in this case to date. Plaintiff Reynolds is hereby ORDERED to file a response to the current pending motions on or before May 28, 2004.[1]

Defendants' Motions to Strike Complaint [Doc. Nos. 6, 8, and 17] are **granted in part** and **denied in part** as discussed above. Plaintiff's motion for extension of time [Doc. No. 25], premised on scheduling conflicts of Attorney Burton, is **denied** as moot.

SO ORDERED.

Dated at New Haven, Connecticut, May ___, 2004.

_____
Peter C. Dorsey
United States District Judge

---

[1] The following pending motions survive this Ruling: Defendant Day, Berry & Howard's Motion for Interim Relief from Rule 83.13 [Doc No 5], and Defendants Attorney General Richard Blumenthal, Assistant Attorney General Mark Kohler, and the Connecticut Department of Public Utility's Motion to Dismiss [Doc No 11]