UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SAMAD DAROUIAN,

    Plaintiff,

v.       CASE NO.   3:02CV927(RNC)

H.P. HOOD, ET AL.,

    Defendants.

RECOMMENDED RULING ON MOTION TO DISMISS

Pending before the court is the defendants' motion to dismiss. (Doc. #60.)  The defendants also seek an order awarding them the fees and costs incurred in this motion.  The court recommends that the defendants' motion to dismiss be denied without prejudice and that their request for fees and costs be granted.

Discovery in this case has been lengthy, difficult and the subject of numerous motions.[1]  Despite court orders, the plaintiff has failed to timely comply with his discovery obligations.  The defendants now argue that the complaint should be dismissed because the plaintiff failed to provide complete responses to certain requests in the defendants' first set of discovery requests and because the plaintiff's attorney has not paid sanctions awarded against him for earlier discovery failures.

At the time the defendants filed their motion, there were

---

[1] The tortured procedural history was set forth by the court and appears in the transcript of the oral argument heard on this motion.  See doc. #76, Tr. 2/26/04 at 2-12.

[Margin annotation: September 28, 2004.  After review and absent objection, the Magistrate Judge's recommended ruling is hereby approved and adopted.  So ordered.  Robert N. Chatigny/U.S.D.J.]

several discovery requests to which they were seeking responses. Prior to oral argument, however, the plaintiff provided responses to the defendants' subsequent discovery requests, some of which were responsive to the first set of discovery requests. In addition, some of the issues were resolved during oral argument. After oral argument, it appears that only interrogatories 5 and 10 remain outstanding. (Tr. 2/26/04 at 70.) Interrogatory 5 requests that the plaintiff identify "each and every expert, doctor or health care professional who has treated you within the past ten years." The plaintiff's response addressed only mental health care treatment.[2] Interrogatory 10 requests information regarding prior civil actions or administrative proceedings in which the plaintiff was involved. The plaintiff has not provided a written response.

"The choice of the appropriate sanction . . . lies within the discretion of the court after consideration of the full record in the case." Monaghan v. SZS 33 Associates, L.P., 148 F.R.D. 500, 508 (S.D.N.Y. 1993). "[D]ismissal of an action or proceeding is the most severe of appropriate sanctions." Republic of the Philippines v. Marcos, 888 F.2d 954, 956 (2d Cir. 1989). See also Israel Aircraft Industries, Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 1977) ("Dismissal under [Rule] 37 is a drastic penalty which should be imposed only in extreme circumstances.")

---

[2] During oral argument, plaintiff's counsel stated that he had misread the question. Tr. 2/26/04 at 58.

2

The Second Circuit has expressed on numerous occasions its preference that litigation disputes be resolved on the merits. Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 249 (2d Cir. 1996).

The court does not countenance the conduct of the plaintiff's attorney in failing to respond appropriately to the defendants' discovery requests and waiting until the last possible moment to provide responses. See doc. #50; Tr. 2/26/04 at 17-19. However, on the present record, the court cannot find that the harsh sanction of dismissal is appropriate.

Plaintiff's counsel shall provide complete written responses to interrogatories 5 and 10 within ten days of the filing of this order. See D.Conn.L.Civ.R. 37(a)5. Plaintiff's counsel shall pay the defendants their attorney's fees and costs.[3]

For these reasons, the court recommends that the defendants' motion (doc. #60) be denied in part and granted in part. The court recommends that the defendants' request for dismissal be denied without prejudice and the request for attorney's fees and costs be granted.

Any party may object to this recommended ruling within ten days after being served with the report and recommendation. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Rule 72.2 of the Local Rules for United States Magistrates, United States District Court

---

[3] During oral argument, plaintiff's counsel assumed personal responsibility for the delay in responding to the defendants' requests and for any monetary sanctions that the court should award. Tr. 2/26/04 at 49-52.

for the District of Connecticut.  Failure to timely object to a magistrate judge's report may operate as a waiver of any further judicial review of the decision.  <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997).

Dated at Hartford, Connecticut, this 1st day of September, 2004.

Donna F. Martínez<br>
United States Magistrate Judge