UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

---

|  |  |  |
|---|---|---|
| SAMAD DAROUIAN,<br>Plaintiff | : | CIVIL NO. 302CV927(RNC) |
|  | : |  |
| v. | : |  |
|  | : |  |
| HP HOOD, INC.,[1] TOM MEDLOCK,<br>NED KERSHNER, NANCY CARROLL,<br>AND MARGARET POOLE,<br>Defendants. | : | October 15, 2004 |

---

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT, EXHIBITS, AND AFFIDAVIT OF TASOS C. PAINDIRIS

The Defendants, HP Hood LLC ("HP Hood"), Tom Medlock, Ned Kershner, Nancy Carroll, and Margaret Poole, submit the following memorandum in opposition to Plaintiff Samad Darouian's Motion to Strike, which seeks that: (1) paragraphs 49 through 54 of Defendants' Local Rule 56(a)(1) Statement; (2) paragraphs 20 and 22 through 26 of the Affidavit of Tasos C. Paindiris ("Affidavit"); and (3) Exhibits 18 and 20 – 24 attached to the Affidavit be stricken.[2]

---

[1]  Plaintiff's former employer and the proper Defendant is HP Hood LLC, which was formerly known as HP Hood Inc. On April 5, 2004, the company changed its name to HP Hood LLC. There no longer is a legal entity with the name "HP Hood Inc."

[2]  Plaintiff requested that "Paragraphs 49 through 54 of the Rule 54(a)(i) [sic] Statement and Exhibits, and the Affidavits [sic] of Tasos Paindiris referring to CCHRO and NLRB findings should be stricken." (Pl. Mot. to Strike, p. 1)

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

**A.    Plaintiff's Attorney May Not File A Motion To Strike With This Court Until He Pays The Sanctions Imposed Upon Him By This Court.**

Pursuant to D. Conn. L. Civ. R. 16(g)(2), the Clerk shall not accept for filing any papers, including the operative motion, from Paul M. Ngobeni, Esq., against whom sanctions were imposed, until Attorney Ngobeni pays the sanctions. See also Reynolds v. Blumenthal, et al., 3:04CV218 (PCD) (D. Conn. May 2004) (order foreclosing attorney from filing any pleadings in court until payment of sanctions made) (Exhibit 1). This Court awarded Defendants $1,290.00 on April 13, 2003 for reasonable attorney fees incurred as a result of Defendants having to file a Motion to Compel, and $1,913.00 on May 20, 2003 as reasonable attorney fees incurred as a result of preparing a Motion to Dismiss, Supplemental Memorandum, and for Defendants' appearance in Court on April 2, 2003 for oral argument. On July 2, 2003, U.S.M.J. Donna F. Martinez granted Defendants' Motion for Order Compelling Payment of Expenses. Darouian v. H.P. Hood, Inc., 3:02CV927 (RNC) (D. Conn. July 2003) (order granting motion for order compelling payment of expenses). On July 16, 2003, U.S.M.J. Martinez granted Defendants' Application for Fees Pursuant to the Court's Recommended Ruling on Motion to Dismiss in the amount of $805.00. Darouian v. H.P. Hood, Inc., 3:02CV927 (RNC) (D. Conn. July 2003) (order granting application for reasonable expenses incurred in preparing for and attending a show cause hearing on May 7, 2003). To date, Plaintiff's counsel has not paid the sanctions which total $4,008.00.[3] Until Attorney Ngobeni pays the sanctions, he is foreclosed from filing pleadings in this Court.

---

[3] On September 10, 2004, pursuant to this Court's Recommended Ruling on Motion to Dismiss dated September 1, 2004, Defendants submitted an application for fees in the amount of $2,634.00 incurred in preparing Defendants' Motion to Dismiss and attending the Court's Hearing on the Motion on February 26, 2004. The parties are awaiting a ruling on this application for fees.

**B.    Plaintiff's Motion To Strike May Not Be Considered Because It Is Untimely.**

Defendants filed its Motion for Summary Judgment; Memorandum in Support of; Local Rule 56(a)(1) Statement; and the Affidavits of Tasos C. Paindiris, Esq., Dr. Margaret Poole, Ned Kershner, Tom Medlock, and Nancy Carroll on July 15, 2004. On August 14, 2004 and September 8, 2004, this Court granted Plaintiff's Motions for Extensions of Time to Respond to Defendants' Motion for Summary Judgment. Darouian v. H.P. Hood, Inc., 3:02CV927 (RNC) (D. Conn. Aug. 11, 2004) (order granting motion for extension of time up to September 9, 2004); Darouian v. H.P. Hood, Inc., 3:02CV927 (RNC) (D. Conn. Sept. 9, 2004 up to September 22, 2004) (order granting motion for extension of time). As a result, Plaintiff's opposition papers were due on September 22, 2004. Plaintiff's Motion to Strike is dated September 24, 2004 and was filed on September 27, 2004. (Exhibit 2). Accordingly, to the extent Plaintiff's Motion is submitted in opposition to Defendants' Motion for Summary Judgment, it is untimely and should be disregarded by this Court.

**C.    This Court May Consider The CHRO And NLRB Complaints And Dismissals.**

In paragraphs 49 through 54 of Defendants' Rule 56(a)(1) Statement, Defendants advised the Court of the undisputed facts that Plaintiff filed: (1) a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO" or "Commission") alleging national origin and age discrimination which the Commission investigated, dismissed, and denied Plaintiff's request for reconsideration of the dismissal; (2) a second CHRO complaint alleging retaliation for his previous filing, which the Commission also investigated and dismissed; and (3) a complaint with the National Labor Relations Board ("NLRB" or "Board"), alleging retaliation for union activities, which the Board investigated and dismissed. The Affidavit only includes affirmations that true and correct copies, as identified at Plaintiff's deposition, were attached as

exhibits to the Affidavit. The references were made and the exhibits were submitted as proof that Plaintiff filed the complaints with the CHRO and NLRB, which were investigated and dismissed. This Court has discretion to accept the findings of administrative agencies and to assign them whatever weight it deems appropriate. See Paolitto v. John Brown E. & C., Inc., 151 F.3d 60, 63 (2d Cir. 1998). Agency findings fall within the public records exception to the hearsay rule and judges have discretion to admit or exclude agency determinations on the basis of their probative value. Id. at 64. In this case, the CHRO and NLRB complaints and dismissals have significant probative value. The complaints set out Plaintiff's allegations, and the dismissals set forth the agencies' factual findings with respect to each of Plaintiff's allegations. In addition, Plaintiff had an opportunity to submit, and did submit, rebuttals to HP Hood's responses to Plaintiff's allegations. Therefore, the CHRO's and NLRB's determination was made with the benefit of all information that Plaintiff presumably felt was significant.

In addition, the CHRO's and NLRB's proceedings and findings are of particular relevance in this case because Plaintiff alleges retaliation for filing these claims. The CHRO and NLRB proceedings have probative value to determine the timing of the filings, the investigations, and the rationale for the subsequent dismissals. To the extent that Plaintiff claims he was retaliated against for filing complaints with the CHRO and NLRB, the Court should be aware of the disposition of those claims. Plaintiff cannot argue that the agency filings have no probative value while they are an element of his retaliation claims.

Although in Paolitto, the Second Circuit affirmed the exclusion of the CHRO's findings and investigative file as a whole, it is important to note that Paolitto involved the presentation of such findings to a jury and the court allowed the defendant to introduce any evidence in the CHRO file so long as it was otherwise admissible and to inform the jury that the

plaintiff's CHRO complaint was no longer pending. Id. at 66. The CHRO's and NLRB's findings have been submitted, in this case, for the purpose of consideration on summary judgment. Therefore, concerns regarding misleading the jury or unfair prejudice to the Plaintiff are moot. See Pantchenko v. CB Dolge Co., No. 15581, 1977 U.S. Dist. LEXIS 13854 (D. Conn. Sept. 22, 1977), aff'd 581 F.2d 1052 (2d Cir. 1978) (Exhibit 3) (admitting EEOC finding of probable cause that a violation of Title VII had occurred but nonetheless granting summary judgment in favor of employer). As stated by this Court in Pantchenko:

> The analysis of the dispute by the agency expert in the field may well be helpful to a fact-finder and since these are not jury cases, there is no risk that a court fact-finder will be unable to give the agency's report appropriate consideration without derogation from its de novo responsibility to reach its own ultimate conclusions. Id. at *7-8.

Because the complaints and dismissals cannot be considered hearsay when they were not offered in evidence to prove the truth of the matter asserted, and the probative value of the determination outweighs any possible prejudice to Plaintiff, Plaintiff's motion should be denied.

WHEREFORE, Defendants HP Hood, Tom Medlock, Ned Kershner, Nancy Carroll, and Margaret Poole respectfully request that this Court deny Plaintiff's Motion to Strike portions of Defendants' Local Rule 56(a)(1) Statement, Exhibits, and Affidavit of Tasos C. Paindiris.

DEFENDANTS,
HP HOOD LLC, TOM MEDLOCK,
NED KERSHNER, NANCY CARROLL
AND MARGARET POOLE

By: _____

Tasos C. Paindiris (ct 16739)
Tanya A. Wolanic (ct 24252)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT  06105
Tel: (860) 522-0404
Fax: (860) 247-1330
paindirt@jacksonlewis.com
wolanict@jacksonlewis.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage

prepaid, on this 15th day of October, 2004, to the following counsel of record:

> Paul M. Ngobeni
> 914 Main Street
> Suite 206
> East Hartford, CT  06108

Tasos C. Paindiris

59467

# EXHIBIT 1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Clarence O. REYNOLDS,          :
      Plaintiff            :
                        :
      -vs-               : Civ. No. 3:04cv218 (PCD)
                        :
Richard S. BLUMENTHAL, et. al.,  :
      Defendants        :

## RULING ON DEFENDANTS' MOTION TO STRIKE COMPLAINT and ORDER

Pursuant to Local Rule 16(g)(2), Defendants Allan B. Taylor and Defendants Connecticut Light & Power Company, Northeast Nuclear Energy Co, and Northeast Utilities Service Company move to strike the complaint from the docket [see Doc. Nos. 6, 8, and 17] because attorney Nancy Burton, who signed the complaint, is the subject of contempt orders in the United States District Court. On April 6, 2004, this Court issued an Order to Show Cause as to why the complaint should not be stricken [Doc. No. 20]. Familiarity with the Order is presumed.

The docket reflects that Plaintiff Clarence Reynolds has filed a pro se appearance [Doc. No. 7], thereby precluding dismissal on the grounds stated by Defendant.

In the absence of payment of the sanctions ordered by Judge Nevas, pursuant to Local Rule 16(g)(2) Attorney Burton is foreclosed from filing any pleadings in this Court. D. CONN. L. CIV. R. 16(g)(2) ("[t]he Clerk shall not accept for filing any paper from an attorney or pro se litigant against whom a final order of monetary sanctions has been imposed until the sanctions have been paid in full"). Consequently, the appearance of Attorney Burton is hereby ORDERED stricken. Burton is hereby ORDERED to not function, in any capacity, as an attorney with respect to this case.

Plaintiff Reynolds is ORDERED to proceed in accordance with Local Rule 26(f), the Supplemental Order [Doc. No. 21], and the Order on Pretrial Deadlines [Doc. No. 2]. The

docket reflects that the deadline for discovery is August 10, 2004, and the deadline for dispositive motions is September 9, 2004 [Doc. No. 2].

In light of this Ruling and Order, Burton is ORDERED to supply Plaintiff Reynolds with copies of all pleadings filed in this case to date. Plaintiff Reynolds is hereby ORDERED to file a response to the current pending motions on or before May 28, 2004.[1]

Defendants' Motions to Strike Complaint [Doc. Nos. 6, 8, and 17] are **granted in part** and **denied in part** as discussed above. Plaintiff's motion for extension of time [Doc. No. 25], premised on scheduling conflicts of Attorney Burton, is **denied** as moot.

SO ORDERED.

Dated at New Haven, Connecticut, May ___, 2004.

_____

Peter C. Dorsey
United States District Judge

---

[1]     The following pending motions survive this Ruling: Defendant Day, Berry & Howard's Motion for Interim Relief from Rule 83 13 [Doc. No. 5], and Defendants Attorney General Richard Blumenthal, Assistant Attorney General Mark Kohler, and the Connecticut Department of Public Utility's Motion to Dismiss [Doc. No. 11]

2

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SAMAD DAROUIAN** | ) |
| **Plaintiff** | )  **Civil Action No.** |
| **vs.** | )  **3:02 CV 927(RNC)** |
| **H.P. HOOD, INC.** | ) |
| **Defendant** | ) |
| | )  **SEPTEMBER 24, 2004.** |

**Plaintiff's Motion To Strike Portions of Defendants' Rule 54(a )(i) Statement, Exhibits, and the Affidavits of Attorney Tasos Paindiris In Support of Summary Judgment Motion.**

**Plaintiff** respectfully moves that this Court strike portions of the pleadings and affidavits as stated below:

Relying on double hearsay evidence, defendants have submitted results of the CCHRO investigation, NLRB investigation, in a way to buttress their case or to *refute any claim of an impermissible motive.* The CCHRO or NLRB decisions, are hearsay pursuant to Rule 802 of the Federal Rules of Evidence, are unfairly prejudicial pursuant to Rule 403 of the Federal Rules of Evidence and are irrelevant to the issues raised in plaintiff's Complaint. As such they may not properly be relied upon and considered by a Court on a summary judgment. To the extent defendants rely on the CCHRO decision, their argument must be rejected as that decision is not per se admissible. See Paolitto v. John Brown E.&C., Inc., 151 F.3d 60, 65 and n. 3 (2d Cir. 1998).

The NLRB finding is irrelevant, is hearsay pursuant to Rule 802 of the Federal Rules of Evidence and unfairly prejudicial pursuant to Rule 403 of the Federal Rules of Evidence and is not likely to be considered by a jury. Paragraphs 49 through 54 of the Rule 54(a )(i) Statement And Exhibits, and the Affidavits of Attorney Tasos Paindiris referring to CCHRO and NLRB findings should be stricken.

_Paul M. Ngobeni, ct08187_
**LAW OFFICES OF PAUL M. NGOBENI**
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone (860) 289-3155
Facsimile (860) 282-7479

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was  mailed by firstclass mail
on September 24, 2004 to:

Attorney Tasos Paindiris
Jackson Lewis
55 Farmington Ave.
Hartford, CT. 06105

Paul M. Ngobeni

# EXHIBIT 3

LEXSEE 1977 US DIST LEXIS 13854

Irene Pantchenko, Plaintiff v. The C.B. Dolge Company, Defendant.

No. 15,581.

United States District Court for the District of Connecticut.

*1977 U.S. Dist. LEXIS 13854; 84 Lab. Cas. (CCH) P33,705*

September 22, 1977.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1]

Igor I. Sikorsky, Jr., Hartford, Connecticut, Anthony A. Piazza (Norton & Piazza), Fairfield, Connecticut, William H. Clendenen, Jr., David M. Lesser (Clendenen & Lessern8, New Haven, Connecticut, Raymond W. Beckwith (March, Day & Calhoun), Bridgeport, Connecticut, for Plaintiff. Robert L. Julianelle (Schine, Julianelle, Karp & Bozelko), Westport, Connecticut, Adrian W. Maher, Kevin J. Maher, Bridgeport, Connecticut, for Defendant.

**OPINIONBY:**

NEWMAN

NEWMAN, D.J.: This is a suit by a female against her former employer. Asserting a variety of grievances alleged to have occurred during her time of employment, she presents federal claims under Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e* et seq., the Equal Pay Act, *29 U.S.C. § 206* et seq., and the post-Civil War civil rights conspiracy statute, *42 U.S.C. § 1985,* pendent state claims are alleged for breach of contract and tortious conduct. At a bench trial, testimony was received from the plaintiff, the president of the company, and three other company employees.

The plaintiff, Irene Pantchenko, received her education at the Polutechnic Institute of Kiev in the Ukraine. In this country she took some additional [*2] courses at the University of Bridgeport, Fairfield University, and the Nowalk Technical School. She worked for the Clairol Company doing research of a technical nature. She voluntarily left that job after four years. Her salary at that time was $110 per week.

**OPINION:**

In 1965, she applied for a job with the defendant C.B. Dolge Co., a manufacturer of chemical compounds, including cleaners, disinfectants, and floor waxes. She sought employment as a chemist at her final salary at Clairol, and was hired at that rate. She voluntarily quit her employment with the Dolge Company, apparently sometime in 1971. Her final salary was $170 per week.

Plaintiff testified to a series of episodes, intended to show that she was the victim of sex discrimination. Without detailing every irritation she says she endured, it is sufficient to conclude that there simply is not sufficient credible evidence to sustain her burden of proving the allegations she has made. Apparently Mrs. Pantchenko was not the easiest person in the world to get along with in the working environment of a small company, employing a small number of professionals. There was a squabble with the female custodian about cleaning [*3] the room in which she worked. Plaintiff alleges on one occasion the custodian pushed her. She also complains that the silicone the custodian used to clean with was injurious to the plaintiff's chemical compounds. She complains that she was obliged to starch her own

Case 3:02-cv-00927-RNC    Document 99    Filed 10/15/2004    Page 16 of 17

Page 2

1977 U.S. Dist. LEXIS 13854, *; 84 Lab. Cas. (CCH) P33,705

laboratory coat, but concedes that the company supplied her with a lab coat; she found the company's coat not sufficiently white.

Plaintiff also complains that a male employee in his late seventies once pinched her breast and on another occasion invited her to bed. The evidence in support of this claim is not persuasive, and would not in any event establish a Title VII violation. See *Tompkins v. Public Service Electric & Gas Co., 45 U.S.L.W. 2285* (D.N.J. Nov. 22, 1976).

Plaintiff also asserts that her pay was less than that of employees doing comparable work. While there was considerable dispute over whether plaintiff should be classified as a chemist or a technician, the evidence is persuasive that her duties warranted the designation of "chemist." Indeed, she apparently has considerable technical skill and can handle capably a variety of laboratory assignments. Her principal assignment was working floor polishes, [*4] under the general supervision of Mr. Pokorny, the company's chief chemist, who was also the person in charge of floor polishes. All the other professional people working for the company had extensive experience in their own speciality: Mr. Orsini in bacteriology, Mr. Cohen in detergents, Mr. Kin in aerosols, and Mr. East in soaps. When plaintiff joined the company, she had no experience whatever working with the products of her employer. In her prior employment, the product she worked on was hair dyes. Moreover, the professionals then working for the Dolge Company had considerable experience in their fields. Mr. Pokorny had worked for the company since 1937, Mr. Orsini since 1944, and Mr. Cohen since 1957. While Mr. East and Mr. Kim, who were hired after plaintiff, obviously had less seniority than she did with Dolge Company, they brought to the company significant educational attainments and extensive work experience in their fields of speciality. The evidence refutes plaintiff's claim that the higher salaries paid to other chemists indicates discrimination against her. Their experience, education, area of speciality, and responsibility at the Dolge Company combined to entitle [*5] them to a higher salary than she received.

Plaintiff had the burden of proving that she was paid less for equal work because she is a woman. At most she had shown that she was slightly underpaid and that she is a woman. While a female employee need not establish that a pay differential between herself and male employees was predicated overtly on gender classifications, she must at least present evidence from which the inference is reasonably to be drawn that a pay differential was based on gender. There is simply no evidence to support such inference in this case. In fact the evidence points in precisely the opposite direction.

Plaintiff's initial salary was determined solely on the basis of what she was making at her prior employment, the figure she requested when she applied to work for the defendant. She was never denied a requested raise. The differential she complaines of is between herself and those with considerably more experience and seniority, on the one hand, or, as to later hired employees, with more extensive educational qualifications and experience. While I do not find that plaintiff had established her contention that she worked at a level of equivalent responsibility [*6] with other chemists at the plant, the evidence does indicate that her work was of sufficient quality and responsibility, compared to the other chemists, to merit a salary slightly above what she was receiving. But there is not a shred of evidence to indicate that her salary level was in any way related to her gender. The evidence persuades me that had the employer hired a man with prior education and work experience of the plaintiff's, he would have been paid precisely the same salary as the plaintiff. Neither Title VII nor the Equal Pay Act authorizes a court to adjust salaries every time it appears that an employee's efforts may have been worth to the employer some slight increment over what the employee was being paid. This plaintiff has not shown that she was entitled to the same pay as the other chemists at the plant, and to whatever extent she may have been paid slightly less than she was worth, her gender was not the reason.

Plaintiff has offered the decision of the EEOC, finding probable cause to believe a violation of Title VII has occurred. Defendant objected to the admissibility of this document, relying on *Hyatt v. United Aircraft Corp., 50 F.R.D. 242, 246 n.4 (D* [*7] *Conn. 1970),* and cases there cited. Hyatt concluded that the EEOC's determinations are irrelevant in the context of determining the appropriateness of class action certification, although the language of n.4 arguably applies to an evidentiary ruling at trial as well. Since Hyatt and the District Court decisions from the Fifth Circuit on which it relied, the Court of Appeals for the Fifth Circuit on which it relied, the Court of Appeals for the Fifth Circuit has specifically considered the admissibility of EEOC determinations in the trial of Title VII actions and found not only that they are admissible, but that their exclusion is reversible error. *Smith v. Universal Services, Inc., 454 F.2d 154 (5th Cir. 1972)* While technically the conclusion of another fact-finder is not precisely relevant to the decision a de novo fact-finder must make in a Title VII action, I find the Fifth Circuit's reasoning persuasive, at least in the context of actions tried to a court. The analysis of the dispute by the agency expert in the field may well be helpful to a fact-finder, and since these are not jury cases, there is no risk that a court fact-finder will be unable to give the agency's report [*8] appropriate consideration without

1977 U.S. Dist. LEXIS 13854, *; 84 Lab. Cas. (CCH) P33,705

derogating from its de novo responsibility to reach its own ultimate conclusions. Whether a jury could be expected to observe such distinctions is another matter. I have decided to make the report a full exhibit.

The report reflects the conclusion of the EEOC's district director that not even reasonable cause existed to believe that petitioner's claims of harassment were established. The examiner did, however, find reasonable cause to believe that sex discrimination had occurred because Mrs. Pantchenko was paid less that the two chemists hired after she was employed. The examiner emphasized that Messrs. East and Kim had less seniority that plaintiff and he found their responsibilities and skills comparable. Having heard all the evidence presented by both sides, I find that while there was surely reasonable cause to believe that this aspect of the allegation would be established, it is not in fact established by a preponderance of the evidence. As explained above, though the later hired chemists had less seniority with the Dolge Company, their work experience in their fields of speciality were extensive, whereas plaintiff had no experience [*9] in any field of relevance to the products of the Dolge Company when she began working there. Moreover, I find that her responsibilities were not on a par with Messrs. Kim and East, in that her main area of work was in connection with a product, floor polishes,

for which Mr. Pokorny had prime responsibility. Messrs. Kim and East had the prime responsibility with respect to the products in their fields of speciality. In sum, plaintiff was not entitled to the same pay as her colleagues, and to whatever extent she may have been paid slightly less that she was worth, that was a result primarily of the low starting salary at which she sought employment, her limited work experience, and her modest education attainments. In any event, it was not to her gender.

Thus, the defendant is entitled to judgment on the merits of all of plaintiff's claims, n1 without regard to consideration of possible defenses based on the statute of limitations. Judgment will enter for the defendant.

> n1 The state law claims fail for the same reasons applicable to the federal law claims. Count III alleges that the defendant was negligent in failing to take action to protect the plaintiff from the alleged harassment and discrimination. Count IV alleges breach of an implied agreement that the plaintiff would be treated in a nondiscriminatory and fair manner. The failure of proof in support of the federal claims also defeats the state law claims. [*10]