UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAMAD DAROUIAN, | : | |
| Plaintiff | : | CIVIL NO. 302CV927(RNC) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HP HOOD, INC., [1] TOM MEDLOCK, | : | |
| NED KERSHNER, NANCY CARROLL, | : | |
| AND MARGARET POOLE, | : | |
| Defendants. | : | October 20, 2004 |
| | : | |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION FOR FEES

The Defendants, HP Hood LLC ("HP Hood"), Tom Medlock, Ned Kershner, Nancy Carroll, and Margaret Poole, submit the following memorandum in reply to Plaintiff's Opposition to Defendants' Application for Fees.

**A.    Plaintiff's Opposition to Defendants' Motion for Fees May Not Be Considered Because It Is Untimely.**

On September 10, 2004, Defendants filed their Application for Fees Pursuant to the Court's Recommended Ruling on Defendants' Motion to Dismiss. Under Local Rule 7(a)(1), a timely opposition to Defendants' Application was due within twenty-one days from September

---

[1]  Plaintiff's former employer and the proper Defendant is HP Hood LLC, which was formerly known as HP Hood Inc. On April 5, 2004, the company changed its name to HP Hood LLC. There no longer is a legal entity with the name "HP Hood Inc."

10, 2004. Plaintiff did not file his Opposition with this Court until October 13, 2004[2] – twelve

days after the deadline of October 1, 2004. Because Plaintiff failed to timely file his Opposition

to Defendants' Application for Fees, this Court should disregard his memorandum.

Furthermore, under Rule 5, service must be made on an attorney representing a

party. In accordance with Rule 5(d) and Local Rule 5(b), Attorney Ngobeni certified that he "E-

MAILED and mailed by firstclass [sic] mail on October 12, 2004 . . . " a copy of Plaintiff's

Opposition to Defendants' Application for Fees to Defendants' attorney, Tasos C. Paindiris.

Defendants' counsel never received it from Plaintiff. Defendants only became aware of the

filing from the Court's electronic filing notification system and obtained an electronic copy

directly from the Court. Attorney Ngobeni's false certification constitutes bad faith conduct that

may be sanctioned by this Court under Rule 11.

### B. Plaintiff's Attorney May Not File Any Papers With This Court Until He Pays The Sanctions Imposed Upon Him By This Court.

Pursuant to Local Rule 16(g)(2), the Clerk shall not accept for filing any papers,

including the operative motion, from Attorney Ngobeni, against whom sanctions were imposed,

until he pays the sanctions. See also Reynolds v. Blumenthal, et al., 3:04CV218 (PCD) (D.

Conn. May 2004) (order foreclosing attorney from filing any pleadings in court until payment of

sanctions made) (Exhibit 1). This Court awarded Defendants $1,290.00 on April 13, 2003 for

reasonable attorney fees incurred as a result of Defendants having to file a Motion to Compel,

and $1,913.00 on May 20, 2003 as reasonable attorney fees incurred as a result of preparing a

Motion to Dismiss, Supplemental Memorandum, and for Defendants' appearance in Court on

April 2, 2003 for oral argument. On July 2, 2003, U.S.M.J. Donna F. Martinez granted

Defendants' Motion for Order Compelling Payment of Expenses. Darouian v. H.P. Hood, Inc.,

---

[2] Plaintiff's Opposition to Defendants' Application for Fees is dated October 12, 2004, but was not filed with this Court until October 13, 2004

3:02CV927 (RNC) (D. Conn. July 2003) (order granting motion for order compelling payment of expenses). On July 16, 2003, U.S.M.J. Martinez granted Defendants' Application for Fees Pursuant to the Court's Recommended Ruling on Motion to Dismiss in the amount of $805.00. Darouian v. H.P. Hood, Inc., 3:02CV927 (RNC) (D. Conn. July 2003) (order granting application for reasonable expenses incurred in preparing for and attending a show cause hearing on May 7, 2003). To date, Plaintiff's counsel has not paid the sanctions which total $4,008.00.[3] Until Attorney Ngobeni pays the sanctions, he is foreclosed from filing pleadings in this Court.

**C.    This Court Has Discretion to Award Defendants' Reasonable Attorney Fees.**

In general, the Court should determine the base amount for an award of reasonable attorney fees by multiplying the number of hours the lawyer reasonably spent times a reasonable rate. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). Plaintiff alleges, "Defendants have failed to provide the basic information concerning their expenses necessary to assess the reasonableness of the claimed fees and expenses." (Pl.'s Opp. to Motion for Fees, p. 1). To the contrary, Attorney Paindiris' Affidavit submitted in support of Defendants' Application for Fees includes an attached Exhibit A with an itemized listing of the time entries associated with the preparation of Defendants' Motion to Dismiss and attendance at the Court's hearing on Defendants' Motion to Dismiss. (Affidavit of Tasos C. Paindiris, Esq. ¶ 7; Paindiris Aff. Ex. A).[4]

Plaintiff also claims that "Defendants' counsel has provided no support that his fees application is based on the appropriate hourly rate taking into account the prevailing market rates in the legal community" and that "[t]here is not a single affidavit establishing the prevailing

---

[3] This does not include Defendants' Application for Fees, dated September 10, 2004, which is at issue here.

[4] The Affidavit of Tasos C. Paindiris, Esq. dated September 10, 2004 was filed simultaneously therewith Defendants' Application for Fees and is attached as Exhibit 2. Paragraphs of the Paindiris Affidavit are hereinafter referenced as "Paindiris Aff. ¶ __;"

market rate." (Pl. Opp. to Motion for Fees, p. 1).  However, Attorney Paindiris also affirmed within his Affidavit that Defendants have been billed for fees at $230 per hour for work performed in 2003 and $250 per hour for work performed during 2004 and stated "[t]his rate is reasonable and commensurate with the rates of other comparable firms in Hartford County for attorneys with comparable experience, knowledge and skill." (Paindiris Aff. ¶ 6).  See also Cabrera v. Wilson-Coker, et. al, 3:97CV2297 (RNC) (D. Conn. Sept. 2003) (order granting in part and denying in part plaintiff's motion for an award of attorney's fees in which this Court affirms that based on knowledge of the legal services market in the Hartford area, "[e]mployment lawyers with substantial experience litigating claims under § 1983 and Title VII . . . have been compensated for their services in the range of $195 to $275 per hour.") (Exhibit 3). This Court is entitled to discretion when determining what the reasonable attorney fees may be and has previously granted Defendants' requests for reasonable attorney fees in the amount of $4,008.00.  See, *infra*, Section B.

Because Defendants' counsel has provided detailed information which this Court requires to determine reasonable attorney fees in this matter, including a description of the number of hours reasonably spent and an appropriate hourly rate based on the Hartford County legal market, Plaintiff's Opposition to Defendants' Application for Fees should be denied.

WHEREFORE, Defendants HP Hood, Tom Medlock, Ned Kershner, Nancy Carroll, and Margaret Poole respectfully request that this Court grant Defendants' Application for Fees.

.

DEFENDANTS,
HP HOOD LLC, TOM MEDLOCK,
NED KERSHNER, NANCY CARROLL
AND MARGARET POOLE

By:

Tasos C. Paindiris (ct 16739)
Tanya A. Wolanic (ct 24252)
Jackson Lewis LLP
55 Farmington Avenue, Suite 1200
Hartford, CT  06105
Tel: (860) 522-0404
Fax: (860) 247-1330
paindirt@jacksonlewis.com
wolanict@jacksonlewis.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on this 20th day of October, 2004, to the following counsel of record:

Paul M. Ngobeni
914 Main Street
Suite 206
East Hartford, CT  06108


_____
Tasos C. Paindiris

59467

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

Clarence O. REYNOLDS,    :
   Plaintiff      :
            :
   -vs-       : Civ. No. 3:04cv218 (PCD)
            :
Richard S BLUMENTHAL, et. al.,  :
   Defendants     :

## RULING ON DEFENDANTS' MOTION TO STRIKE COMPLAINT and ORDER

Pursuant to Local Rule 16(g)(2), Defendants Allan B. Taylor and Defendants Connecticut Light & Power Company, Northeast Nuclear Energy Co, and Northeast Utilities Service Company move to strike the complaint from the docket [see Doc. Nos. 6, 8, and 17] because attorney Nancy Burton, who signed the complaint, is the subject of contempt orders in the United States District Court. On April 6, 2004, this Court issued an Order to Show Cause as to why the complaint should not be stricken [Doc. No. 20]. Familiarity with the Order is presumed.

The docket reflects that Plaintiff Clarence Reynolds has filed a pro se appearance [Doc. No. 7], thereby precluding dismissal on the grounds stated by Defendant.

In the absence of payment of the sanctions ordered by Judge Nevas, pursuant to Local Rule 16(g)(2) Attorney Burton is foreclosed from filing any pleadings in this Court. D. CONN. L. CIV. R. 16(g)(2) ("[t]he Clerk shall not accept for filing any paper from an attorney or pro se litigant against whom a final order of monetary sanctions has been imposed until the sanctions have been paid in full"). Consequently, the appearance of Attorney Burton is hereby ORDERED stricken. Burton is hereby ORDERED to not function, in any capacity, as an attorney with respect to this case.

Plaintiff Reynolds is ORDERED to proceed in accordance with Local Rule 26(f), the Supplemental Order [Doc. No. 21], and the Order on Pretrial Deadlines [Doc. No. 2]. The

docket reflects that the deadline for discovery is August 10, 2004, and the deadline for dispositive motions is September 9, 2004 [Doc. No. 2].

In light of this Ruling and Order, Burton is ORDERED to supply Plaintiff Reynolds with copies of all pleadings filed in this case to date. Plaintiff Reynolds is hereby ORDERED to file a response to the current pending motions on or before May 28, 2004.[1]

Defendants' Motions to Strike Complaint [Doc. Nos. 6, 8, and 17] are **granted in part** and **denied in part** as discussed above. Plaintiff's motion for extension of time [Doc. No. 25], premised on scheduling conflicts of Attorney Burton, is **denied** as moot.

SO ORDERED.

Dated at New Haven, Connecticut, May ___, 2004.


_____

Peter C. Dorsey
United States District Judge


_____

[1]    The following pending motions survive this Ruling: Defendant Day, Berry & Howard's Motion for Interim Relief from Rule 83.13 [Doc. No. 5], and Defendants Attorney General Richard Blumenthal, Assistant Attorney General Mark Kohler, and the Connecticut Department of Public Utility's Motion to Dismiss [Doc. No. 11]

.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

FILED

2004 SEP 10 P 2: 54

U.S. DISTRICT COURT
HARTFORD, CT.

|  |  |  |
|---|---|---|
| SAMAD DAROUIAN, | : | |
| Plaintiff, | : | DOCKET NO. 3:02CV927 (RNC) |
| | : | |
| v. | : | |
| | : | |
| H.P.HOOD, INC., | : | |
| TOM MEDLOCK, NED KERSHNER, | : | |
| NANCY CARROLL, AND | : | |
| MARGARET POOLE | : | SEPTEMBER 10, 2004 |
| Defendants. | : | |

## AFFIDAVIT OF TASOS C. PAINDIRIS IN SUPPORT OF DEFENDANTS' APPLICATION FOR FEES PURSUANT TO THE COURT'S RULING ON DEFENDANTS' MOTION TO DISMISS

TASOS C. PAINDIRIS, being duly sworn, deposes and says:

1.      I am over eighteen years of age and I understand and believe in the obligations of an oath.

2.      I make this affidavit freely, based on my personal knowledge of facts set forth herein.

3.      I am an partner at the law firm of Jackson Lewis LLP and I represent the Defendants, H.P. Hood, Inc., Tom Medlock, Ned Kershner, Margaret Poole, and Nancy Carroll in this case.

4.      I have attached as Exhibit A an itemized listing of the time entries associated with the preparation of Defendants' Motion to Dismiss and attendance at the Court's hearing on Defendants' Motion to Dismiss.



5.     Our practice at Jackson Lewis LLP is limited to the representation of employers in labor, employment and benefits matters, and related litigation.

6.     I was admitted to practice law in 1995. I have worked at Jackson Lewis since that time. Defendants have been billed for fees at $230 per hour for work performed in 2003 and $250 per hour for work performed during 2004. I am familiar with attorneys' hourly rates in Hartford County, Connecticut and believe that this rate is reasonable and commensurate with the rates of other comparable firms in Hartford County for attorneys with comparable experience, knowledge and skill.

7.     I spent a total of 10.8 hours in connection with the Defendants' Motion to Dismiss in this matter and attendance at the Court's hearing on Defendants' Motion to Dismiss. The total fees associated with the Motion to Dismiss are $2,634.00.

8.     The time expended was reasonable and necessary.

9.     I have continually exercised good billing judgment and made good faith efforts to exclude excessive, redundant or unnecessary fees and costs.

I have read the above ten paragraphs and they are accurate and complete.

_____
Tasos C. Paindiris

Subscribed and sworn to before me this
10th day of September 2004

_____
Notary Public
My Commission Expires: 3/31/06

2

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage

prepaid, on this 10th day of September 2004, to the following counsel of record:

>       Paul M. Ngobeni
>       914 Main Street
>       Suite 206
>       East Hartford, CT  06108

Tasos C. Paindiris

# EXHIBIT A

**<u>Samad Darouian v. H.P. Hood, Inc., et. al.</u>**

Docket No. 3:02CV927 (RNC)

<u>Itemization of Attorneys' Fees Associated with</u>
<u>Defendants' Motion to Dismiss</u>

| DATE | ATTORNEY | TIME | DESCRIPTION |
|------|----------|------|-------------|
| 09/17/03 | TCP | 0.30 | Prepare information for resubmission to court in support of motion to dismiss |
| 09/19/03 | TCP | 0.80 | Prepare motion to dismiss for resubmission to Court |
| 09/21/03 | TCP | 2.20 | Continue preparation of motion to dismiss for resubmission to Court |

TOTAL 2003 HOURS          3.30
2003 Billing Rate         $230
**TOTAL 2003 Fees         $759.00**

| 01/22/04 | TCP | 2.00 | Prepare for oral argument on motion to dismiss |
| 02/02/04 | TCP | 0.50 | Plan and prepare for hearing on motion to dismiss |
| 02/02/04 | TCP | 0.20 | Review Court orders and pleadings on motion to dismiss |
| 02/26/04 | TCP | 2.10 | Plan and prepare for hearing on motion to dismiss |
| 02/26/04 | TCP | 2.70 | Attend hearing on defendants' motion to dismiss |

TOTAL 2004 HOURS          7.50
2004 Billing Rate         $250
**TOTAL 2004 Fees         $1,875.00**

**TOTAL FEES ASSOCIATED WITH DEFENDANTS' MOTION TO DISMISS: $2,634.00**

# EXHIBIT 3

UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

2003 SEP 30 P 11: 38

PAM CABRERA,                         :
                                     :              DISTRICT COURT
        Plaintiff,                   :              HARTFORD CT
                                     :
V.                                   :    CASE NO. 3:97CV2297(RNC)
                                     :
PATRICIA WILSON-COKER and            :
STATE OF CONNECTICUT DEPARTMENT  :
OF SOCIAL SERVICES,                  :
                                     :
        Defendants.                  :

## RULING AND ORDER ON PLAINTIFF'S MOTION
## FOR AWARD OF ATTORNEY'S FEES AND COSTS

    Plaintiff's motion for an award of attorney's fees and costs
is granted in part and denied in part.

I.    Background

    Plaintiff Pam Cabrera, a white female, is a longtime
employee of the State of Connecticut Department of Social
Services ("DSS"). In the early 1990s, she began complaining to
supervisors that black employees in a particular unit were not
being held to the same standards of conduct and performance as
white employees. In 1996, after determining that nothing was
being done to address this perceived problem, she filed a
complaint with the Auditors of Public Account concerning certain
DSS employees and supervisors. She was subsequently transferred
to the unit that was the subject of her initial complaint to her
supervisors.

    Plaintiff filed a grievance opposing the transfer and then
brought this suit against DSS and Patricia Wilson-Coker, a DSS

defendants for complaining about race discrimination. No damages were awarded against Wilson-Coker under 42 U.S.C. § 1983 because the jury was persuaded that Wilson-Coker would have acted as she did with regard to the plaintiff even if the plaintiff had not engaged in activity protected by the First Amendment. Damages were awarded against DSS under Title VII for lost salary and benefits in the amount of $5,030. Plaintiff's claims were otherwise unsuccessful.

After the trial, the parties reached a stipulated agreement that restored plaintiff to her previous position and an injunction was entered accordingly.

Plaintiff now seeks an award of attorney's fees under Title VII in the amount of $180,527.50 and $6,964.65 in costs.

II.  Discussion

The prevailing party in a Title VII case is entitled to an award of reasonable attorney's fees.  42 U.S.C. § 2000e-5(k).  The guidelines applicable to an award of attorney's fees under Title VII are the same as those applied in fee award cases under 42 U.S.C. § 1988.  See Lyte v. Sara Lee Corp., 950 F.2d 101, 103 (2d Cir. 1991).

The starting point for determining the fee that should be awarded is the calculation of the lodestar amount, which is arrived at by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).  Reasonable attorney's fees

3

under § 1983 and Title VII comparable to that of plaintiff's counsel have been compensated for their services in the range of $175 to $275 per hour. Based on the affidavits provided by plaintiff's counsel, I further find that during the years she worked on this case her regular hourly rate gradually increased from $225 to $300. Taking these facts into account, I conclude that plaintiff's counsel should be compensated at the rate of $250 per hour for services rendered from 1997 through 1998, and at the rate of $275 per hour for services rendered from 1999 through 2001.

Defendants contend that plaintiff's counsel should not be compensated at the applicable hourly rate for time spent traveling and waiting for the jury verdict. I agree. Though travel and waiting are unavoidable in litigation, time spent doing these things does not deserve to be compensated at a full hourly rate. While traveling and waiting, counsel can and often do give attention to other matters. Accordingly, I find that travel time should be charged at 50 percent of the applicable hourly rate. See Sea Spray Holdings, Ltd. v. Pali Financial Group, No. 03 Civ. 1988, 2003 WL 21939701, *3 n.5 (S.D.N.Y. August 13, 2003). I also find that time spent waiting for the jury verdict should be treated similarly.[2]

_____

[2] Defendants contend that plaintiff's counsel should not be compensated at a full hourly rate for legal work she could have delegated, such as legal research and reviewing information produced in discovery. I am persuaded by plaintiff's counsel's explanation that it was not unreasonable for her to do the work
(continued...)

Defendants contend that some of the billing entries are too vague to permit a determination of whether the charges are in fact reasonable. Plaintiff's counsel "is not required to record in great detail how each minute of [her] time was expended." Hensley, 461 U.S. at 437 & n.12.  But the "burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested."  F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987) (rejecting time records with one description for an entire day's work).[5]  Plaintiff's counsel's revised invoice contains numerous entries for telephone conferences with unidentified persons on subjects that are not described, for review of unspecified documents with no stated purpose, and for preparation for conferences without any elaboration.  These entries are too general to permit adequate analysis of the reasonableness of the hours expended.  I find that this insufficiency in the billing records warrants a 10 percent reduction in the total number of hours expended each year.

---

[5]  See also G.M. v. New Britain Bd. of Educ., 2000 WL 435577, *5 (D. Conn. March 8, 2000) (reducing lodestar by 20 percent because entries such as "preparation for hearing," and "work on appeal brief" were inadequate); Mr. & Mrs. B. v. Weston Bd. of Ed., 34 F. Supp. 2d 777, 781 (D. Conn. 1999) ("Entries stating such vague references as 'review of file,' 'review of correspondence,' 'research,' 'conference with client,' and 'preparation of brief' do not provide an adequate basis upon which to evaluate the reasonableness of the services and hours expended on a given matter.")

7

After these adjustments, the revised yearly totals of hours expended by plaintiff's counsel are: for 1997, 4.4 hours; for 1998, 105.85 hours; for 1999, 76.25 hours; for 2000, 114.1 hours; and for 2001, 201.7 hours.

3.  The Lodestar Calculation

Based on the foregoing, the lodestar calculation is as follows: for 1997 and 1998, 110.25 hours multiplied by $250; and for 1999-2001, 392.05 hours multiplied by $275, plus 9 hours multiplied by $58 (reflecting the work of a law clerk), plus .6 hours at a rate of $125 (reflecting the work of an associate). This yields a lodestar of $135,973.25.

B.  Adjusting the Lodestar

There is a strong presumption that the lodestar figure represents a reasonable fee. See Quaratino, 166 F.3d at 425. However, the lodestar may be adjusted on the basis of several factors, including the "'results obtained.'" Id. (quoting Hensley, 461 U.S. at 434). "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley, 461 U.S. at 436). "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." Hensley, 461 U.S. at 434.

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Id. at 435. When a plaintiff recovers less than all the relief sought but the

9

issuance of a less than "good" performance evaluation, and
interference with her relationships with other employees; and
creating working conditions that resulted in her constructive
demotion.  Of all these challenged actions, the jury found for the
plaintiff only with regard to the last.

Plaintiff does not deny that the verdict was a major
disappointment.  She emphasizes, however, that she has vindicated
the public interest to some extent by prevailing on part of her
First Amendment and Title VII retaliation claims, that she has
succeeded in recovering her previous position, and that she never
expected to recover a large award of compensatory damages. It is
true that the lodestar "should not be reduced simply because [the]
plaintiff recovered a low damage award." Cowan v. Prudential
Ins., 935 F.2d 522, 526 (2d Cir. 1991).  Moreover, when a
plaintiff seeks and obtains both monetary and injunctive relief,
"the size of the monetary recovery is not necessarily the proper
measure of the plaintiff's success." LeBlanc-Sternberg, 143 F.3d
at 758. In this case, though, plaintiff's limited success does not
justify the enormous expenditure of attorney time, even assuming
the jury's findings in her favor were necessary to enable her to
recover her job and might have some positive systemic effect.

Plaintiff also emphasizes that all her claims were legally
and factually interrelated.  I agree they were substantially
related.  But downward adjustments for incomplete success may be
appropriate even when claims are interrelated, or there is only
one claim.  See Hensley, 461 U.S. at 435-36.

establishing that the fees charged for transcripts are accurate and reasonable.  Accordingly, plaintiff will be awarded an additional amount of $6,964.65.

III.  Conclusion

For the foregoing reasons, plaintiff's petition for an award of fees and costs is granted in part and denied in part. Plaintiff is awarded fees and costs in the total amount of $68,152.62.

So ordered.

Dated at Hartford, Connecticut this 30th day of September 2003.

_____
Robert N. Chatigny
United States District Judge