```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

SAMAD DAROUIAN,                  :
                                 :
    Plaintiff,                   :
                                 :
    v.                           :    CASE NO. 3:02CV927(RNC)
                                 :
HP HOOD, INC., ET AL.,           :
                                 :
    Defendants.                  :
```

RULING ON PLAINTIFF'S MOTION TO STRIKE

Pending before the court is plaintiff's "Motion to Strike Portions of Defendants' Rule 54(a)(i) Statement, Exhibits, and the Affidavits of Attorney Tasos Paindiris in Support of Summary Judgment Motion" (doc. #95). For the following reasons, the motion is denied.

Plaintiff seeks to strike from the summary judgment record decisions of the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the National Labor Relations Board ("NLRB") relating to his case. Plaintiff also moves to strike any reference to those decisions in either the defendants' Local Rule 56(a)(i) Statement or the affidavit of defendants' counsel. Plaintiff contends that the decisions constitute hearsay, are unfairly prejudicial, and are irrelevant to the issues raised in the plaintiff's complaint. Defendants, in opposition, state that the decisions are not being offered to prove the truth of the matter asserted, and have significant probative value to this case. Because the plaintiff has made a claim of retaliation for filing

such charges, defendants contend that the CHRO and NLRB decisions are probative of the time of the filings, the investigations, and the timing and rationale of the subsequent dismissals.

"Factual findings in public records, which would include 'conclusions or opinions' based on those facts, made after investigation authorized by legal authority are presumptively admissible absent 'information or other circumstances [that] indicate lack of trustworthiness.'" Barlow v. State of Connecticut Dep't of Public Health, 319 F. Supp. 2d 250, 258 (D. Conn. 2004) (quoting Bridgeway Corp. v. Citibank, 201 F.3d 134, 143 (2d Cir. 2000)). "Findings of the EEOC or equivalent state agencies fall within the ambit of the public records exception to hearsay." Id. (internal quotation marks omitted) (quoting Paolitto v. John Brown E&C, Inc., 151 F.3d 60, 64 (2d Cir. 1998)); see also Fed. R. Evid. 803(8)(C).  The party seeking to strike public records has the burden of establishing that they lack trustworthiness. Bridgeway, 201 F.3d at 143 (citing Arizona v. City of New York, 139 F.3d 132, 134 (2d Cir. 1998)).

Plaintiff has not met his burden of demonstrating that the CHRO and NLRB decisions lack trustworthiness.  In addition, defendants state that the decisions are not being offered to prove the truth of the matters asserted in them.  For these reasons, the court denies the plaintiff's motion to strike.  The concerns about prejudice that might affect admissibility before a jury are not

present in the context of this motion for summary judgment. See, e.g., EEOC v. Walden, No. 98 Civ. 220 (THK), 2001 WL 1568322, *3 (S.D.N.Y. Dec. 6, 2001) (admitting prior agency determinations of EEOC and NYDHR during bench trial, finding that the absence of a jury "substantially diminishes the concerns" raised by the movant). Although the court will consider the evidence for the limited purpose for which it has been offered, the court will not consider it for the truth of any of the matters asserted in the decisions.

SO ORDERED at Hartford, Connecticut this 16th day of November, 2004.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge